BENJAMIN TOUB, RESPONDENT, *v.* ADAM SCHMIDT, APPELLANT.

*Innkeeper — liability of — who is not a guest.*

A peddler went to an inn and, by consent of the innkeeper, left his pack there. He did not engage a room or eat or drink there. The next day he returned and demanded his property, which had in the meantime been lost.

*Held,* that the relation of innkeeper and guest was not created, and that the peddler could not recover from the innkeeper because of the loss of the goods.

APPEAL by the defendant, Adam Schmidt, from a judgment entered in the office of the clerk of Orange county on the 13th day of December, 1890, in favor of the plaintiff, after a trial had in the Orange County Court, before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $100; also from an order denying the defendant's motion for a new trial, made on the 6th day of January, 1891.

*Wilton Bennet,* for the appellant.

*C. E. Cuddeback,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment and order denying a motion for a new trial on the minutes of the court. The cause was tried first in a court of a justice of the peace, and then upon appeal to the County Court a new trial was had there; resulting as the first had in a verdict for the plaintiff for $100.

The facts are these: The plaintiff is a pack peddler and the defendant is an innkeeper at Port Jervis, in Orange county. On the 6th day of February, 1890, the plaintiff went to the inn of the defendant with his pack and the defendant asked him where he was going, and the plaintiff said he was going to New York; the defendant asked him if he was going to take his pack with him, and the plaintiff said "No; I will leave it here," and then the defendant took the key to the storage-room and opened the door, and the plaintiff placed his pack and a small valise in the room and the defendant locked the door. That was about six o'clock in the

evening, and the plaintiff left the house about eight o'clock and went to New York. He neither engaged a room, nor eat nor drank at the house. According to his expressed intention he returned to the inn on the Monday evening following, and his pack and valise could not be found, and this action was brought to recover the value of the property so left with the defendant, based upon his liability as the keeper of an inn.

There is no substantial dispute in relation to the facts, and at the close of the plaintiff's testimony upon the trial the counsel for the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish the relation of landlord and guest between himself and the defendant.

The motion was denied and the counsel for the defendant excepted, and then, after the examination of the defendant and some other witnesses without the development of any material fact, the case was sent to the jury under a charge which permitted the jury to find whether the relation of innkeeper and guest existed between the plaintiff and defendant, and made the case to turn upon that question. The jury rendered a verdict for the plaintiff, and the defendant has appealed as we have stated.

The testimony being undisputed, the verdict of the jury cannot be taken as conclusive unless the proof was sufficient for its justification. If the evidence failed to disclose facts sufficient to constitute the plaintiff a guest of the defendant, then the verdict was destitute of support, because the technical relation of innkeeper and guest must be established in order to enforce the liability of the latter. This proposition is now so rudimental that the citation of authorities for its support is unnecessary.

So the question for determination is whether the plaintiff was a guest of the defendant when the property was lost. He was not at the defendant's house for refreshment or rest, or with an intention to remain. He asked for nothing for himself and received nothing; and although it is not easy to determine, either from principle or authority, precisely what conduct will be sufficient to make a guest, yet it seems plain that one who is not to be entertained, and who has not adopted the inn as a temporary home, is not a guest, within the meaning of the law, so as to entitle him to the severe remedies enforced against innkeepers.

Their common-law liability was based upon public policy for the protection of travelers. It was found that loss and damage frequently resulted to wayfarers from the negligence of innkeepers and their servants, and a rigorous rule of liability was adopted for the redress of such wrongs.

As a compensation for their extraordinary liability, and because they are under obligations to receive and entertain travelers, the law gives to the innkeeper a lien upon the property of his guest for the satisfaction of his charges. But he has no lien unless he is bound to receive the goods, and in this case, as the defendant was not bound to receive the property left with him, he acquired no lien; and it has been said that the lien and liability are correlative and must stand or fall together. (*Grinnell* v. *Cook*, 3 Hill, 488.)

So it was said in the same case, if a traveler leave a horse at an inn and leave for another town to be absent a few days, the liability continues, because the host will receive compensation for care and keep, but it is otherwise respecting inanimate property from which the host derives no benefit. (*Grinnell* v. *Cook*, 3 Hill, 489.)

As a person does not become a guest by a simple visit to an inn, so he cannot invest himself with that character by simply leaving goods at the inn; and while one may continue to be constructively a guest while he is temporarily absent from an inn, yet he cannot continue a character he never assumed.

The testimony in this case discloses no act of the plaintiff indicative of an intention to become a guest of the inn; and the defendant was not bound to receive his goods, and had no lien upon the same, for their keeping, and these three reasons are sufficient to defeat a recovery in the action.

The judgment and order denying a motion for a new trial should be reversed, and a new trial should be granted in the County Court, with costs to abide the event.

PRATT, J., concurred.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.